United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO PUGA CAMACHO,<br><br>Defendant. | Case No. 17-CR-00520-LHK-2 (LHK)<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY**<br><br>Re: Dkt. No. 173 |

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1), which Defendant filed *pro se* on June 7, 2021. ECF No. 173 ("motion for compassionate release" or "Mot."). The government filed its opposition to the instant motion on June 24, 2021. ECF No. 179 ("Opp'n"). The Court DENIES Defendant's motion on three independent grounds.

First, Defendant appears to have failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). That statutory provision directs that "[t]he court may not modify a term of imprisonment" unless "(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate." *United States v.*

1
Case No. 17-CR-00520-LHK-2 (LHK)
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY

1 *Keller*, --- F.4th ---- (9th Cir. July 1, 2021) (slip op. at 6–7) (quoting 18 U.S.C. § 3582(c)(1)(A)).
As the Ninth Circuit held today, the exhaustion requirement is a mandatory claim-processing rule that must be enforced if the government properly raises it. *Id.* (slip op. at 9). Here, the government details how Defendant has failed to exhaust his administrative remedies. Opp'n at 7–8. Specifically, the Warden's Office at Fort Worth FMC "never received any type of request for compassionate release for Defendant." Decl. of Jeffrey A. Backhus ¶ 2, ECF No. 180. Indeed, Defendant's evidence for administrative exhaustion is an April 13, 2021 email he sent to Exec Assist/Admin Remedy Coordinator, Mot. at 11, but that email was not received by the Warden. Decl. of Jeffrey A. Backhus ¶ 2, ECF No. 180. Accordingly, the Court "may not consider [Defendant's] motion." *Keller*, --- F.4th ---- (slip op. at 6).

Second, even if Defendant had exhausted administrative remedies, Defendant has not demonstrated "extraordinary and compelling reasons" for compassionate release. Defendant requests compassionate release because of the COVID-19 pandemic, but Defendant is fully vaccinated against COVID-19. Mot. at 5. Defendant received the first dose of the Pfizer-BioNTech COVID-19 vaccine on April 12, 2021, and the second dose on May 4, 2021. ECF No. 181-2 at 66 (immunization record). The consensus is that "vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling." *United States v. Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (collecting cases); *accord, e.g.*, *United States v. Kelley*, No. 15-CR-00444-CRB-2, 2021 WL 2322467, at *3 (N.D. Cal. June 7, 2021) (denying release because defendant "has now received the first dose of the COVID-19 vaccine"); *United States v. Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) (same). Indeed, even if a defendant "cannot be vaccinated herself," the growing percentage of vaccinated individuals in the general and prison population "significantly decrease[s]" the risk that defendant will contract COVID-19. *United States v. Khachtryan*, No. 15-CR-00234-CRB-16, 2021 WL 1110269, at *5 (N.D. Cal. Mar. 23, 2021). Given this consensus on the efficacy of COVID-19 vaccines, Defendant has failed to provide "extraordinary and compelling reasons" for his release.

2
Case No. 17-CR-00520-LHK-2 (LHK)
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY

18 U.S.C. § 3582(c)(1)(A)(i). Underscoring this lack of compelling reasons is that Defendant is only 51 years old and thus at relatively lower risk for severe COVID-19 illness or death. About "8 out of 10 COVID-19-related deaths reported in the United States have been in adults 65 years old and older." *United States v. Espinoza-Patino*, No. 12-CR-00833-LHK-1, 2021 WL 1267268, at *2 (N.D. Cal. Apr. 6, 2021) (quoting *Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (as of April 2, 2021)).

Lastly, the § 3553(a) factors do not warrant a sentence reduction here. These factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). Here, Defendant has served only 24 months of a 74 month sentence for distributing 14 pounds or 6.35 kilograms of methamphetamine over the course of five months that Defendant obtained directly from his source in Mexico. Presentence Investigation Report ¶¶ 13-21, ECF No. 148.

Moreover, Defendant is undocumented and subject to an Immigration and Customs Enforcement detainer, which precludes his proposed release plan of home confinement in the United States. ECF No. 181-4 (Department of Justice Individualized Needs Plan).

Accordingly, the Court DENIES Defendant's motion for compassionate release, ECF No. 173.

**IT IS SO ORDERED.**

Dated: July 1, 2021

_____
LUCY H. KOH
United States District Judge

3
Case No. 17-CR-00520-LHK-2 (LHK)
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY